FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

FEB 25 2015

CHRISTOPHER A PRINE

CLERK

**In The**
# Court of Appeals
**For The**
# First District of Texas

---

## NO. 01-015-00063-CV

---

**Patrick Cox, Appellant(s)**

**V.**

**Cara Cox, Appellee(s)**

---

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2013-21966**

---

# Appellant's Response to Appellee's Response to Appellant's Motion to Compel Mediation Participation by Appellee

TO THE HONORABLE COURT OF APPEALS:

Comes now, Appellant Patrick Cox, and files this Appellant's

Response to Appellee's Response to Appellant's Motion to Compel

Mediation Participation by Appellee. Appellant respectfully submits to the

Court that the following information provides reasonable support for Appellant's request for relief and sanctions for Appellee's non cooperation in setting mediation.

## SUMMARY

Appellee's own counsel in their reply provides the evidence to disregard Appellee's claims that Appellant rushed to conclusion and rushed to seek sanctions. By including the verbiage from Appellant's email asking Appellee for suggested alternative mediators, Appellee's counsel establishes that Appellant was seeking mediation while Appellee was apparently trying to avoid it or at least delay it. Appellant's email to Appellee's counsel as supplied in Appellee's response clearly shows that Appellant offered to agree on another mediator if the dates offered by the previously agreed mediator were unacceptable. Additional support for Appellant's requests of this Court include: (1) Appellee has twice asked Appellee for suggested alternate mediators so that the Court's mediation time frame could be met; (2) Appellant received no response to those requests; (3) Appellee has time for preparation of, submission of, and scheduling of oral arguments in a trial court motion in this causer during the same period in which Appellee is unavailable to conduct mediation according to the emails from Appellee's counsel.  It seems to Appellant that

the primary focus of both parties should be in resolving this appeal rather than in seeking superior positions at the trial court level..

## ARGUMENTS and FACTS

1.     Appellant would ask the Court to note that the copy of the verbiage of the email exchange contained in Appellee's response to the Motion to Compel Mediation Participation (motion to compel) includes an invitation for Appellee to suggest another mediator. Appellant states in the email supplied by Appellee: "If you prefer another mediator, please advise his/her name."

2.     Appellant never received a response to his suggestion of using another mediator to resolve the mediation date problem. The only response ever received was in Appellee's response to Appellant's motion to compel. The sole response Appellant received, despite reminding Appellee of the Court's order, was that the mediator's suggested dates were unacceptable and that the mediation date must be agreeable to both parties.

3.     When Appellee finally provided possible dates for the mediation, Appellant found it interesting that those dates conveniently fall after a trial court motion in this cause filed by Appellee that was filed after Appellant's notice of appeal and after this Court's order to mediation.

4.     Appellant reminded the Appellee's counsel in email on February 19,

2015 that he was open to selecting another mediator to accomplish the mediation deadline in this Court's order. To date, Appellee's only response was contained in the Appellee's reply to Appellant's motion to compel.

5. Since Appellant was ordered by the Court to supply the name of the mediator by February 19, 2015 and was not given cooperation by Appellee in either agreeing to dates or selecting another mediator, Appellant was left with no choice but to seek relief from this Court for the Appellee's refusal to cooperate and potentially putting Appellant in violation of this Court's order.

6. This Court imposed a reasonable standard time frame in which to select a mediator and conduct mediation. Appellee's counsel despite being knowledgeable in these matters was uncooperative in the process. Because of this non cooperation, Appellant was forced to seek relief from this Court and to request that this Court sanction Appellee's counsel in this matter.

7. Appellee filed a motion with the trial court in this cause that was served on Appellant on February 13, 2015. The motion seeks to enforce the property division even though Appellant has filed a supersedes bond with the trial court. Appellant is of the opinion that the mediation process was being delayed intentionally by Appellee in an effort to strategically disadvantage Appellant in some manner. The argument that the Appellee's counsel lacked the time within the time frame ordered by this Court seemed

to be lacking in logic when knowledge of the Appellee's trial court motion comes into consideration. The argument by Appellee's counsel would seem to be that Appellee has time to prepare, file and argue a trial court motion during the time frame of this Court's mediation order but has no time in which to conduct the mediation ordered by this Court.

## SUMMARY

Appellee proposed three options in Appellee's response to Appellant's motion to compel. Appellant finds it perfectly acceptable to agree on another mediator if this is acceptable to the Court since Appellant has previously on two occasions made the same suggestion (option one). Appellant is also happy to agree to different dates within the time frame of the Court's order (option two), Appellant finds the third option of an extension to be undesirable since it has the effect of rewarding Appellee's efforts to stall the mediation and further reward Appellee by allowing Appellee's trial court motion to proceed while ignoring this Court's order to mediation.

Appellant also reaffirms his request for sanctions as requested in Appellant's original motion to compel since the time and cost required for the motion to compel and the necessity to involve this Court in obtaining Appellee's cooperation in the mediation ordered should not be free of

consequence for the Appellee.

Respectfully Submitted by:

_(signature)_

Patrick Cox
Pro Se Appellant
Mailing address: _____247 Hedwig Rd_____
Telephone number: ___832-495-9416_____
Fax number: _____855-280-1504_____
e-mail address: _divorce_cara@yahoo.com_____

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 25, 2015.

**email to:**
Bobby K. Newman: bknservice@lnvlaw.com
Attorney for Appellee

_(signature)_

Patrick Cox